ORTIZ & ORTIZ, L.L.P.                                      Hearing Date: June 23, 2015
32-72 Steinway Street, Suite 402                          Time:          9:30 a.m.
Astoria, New York 11103
Tel. (718) 522-1117
Norma E. Ortiz, Esq.
*Attorneys for Michael Carey as receiver*
*of Gaffken & Barriger Fund, LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re

PROPERTY EQUITY HOLDING CORP.,                           Case No. 15-11186-REG

                              Debtor.                     Chapter 7

--------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION FOR AN ORDER GRANTING (1) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 TO PERMIT GAFFKEN & BERRINGER FUND, LLC, TO PROCEED WITH STATE COURT FORECLOSURE PROCEEDING OR (2) TO DISMISS CASE AND BAR REFILING FOR 180 DAYS**

       **PLEASE TAKE NOTICE,** that upon the annexed motion dated June 5, 2015 (the

"Motion"), of Michael Carey as receiver of Gaffken & Barriger Fund, LLC ("Gaffken"), the

undersigned will move before the Honorable Robert E. Gerber, United States Bankruptcy Judge,

in the United States Bankruptcy Court of the Southern District of New York, One Bowling

Green, New York, New York  10004, on the 23rd day of June, 2015 (the "Hearing Date"), at 9:45

a.m., or as soon thereafter as counsel may be heard, for the entry of an order pursuant to Section

11 U.S.C. §§ 362 and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, (1)

granting Gaffken relief from the automatic stay to allow it to continue its state court foreclosure

action against the property located 1513 East 96th Street, Brooklyn, New York 11236 (the

"Property"), or (2) dismissing the case as a bad case filing with in rem relief against future

filings within 180 days; and for (3) such other and further relief as is just and equitable at the hearing.

  **PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

  **PLEASE TAKE FURTHER NOTICE**, that any response to the Motion must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov.  If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved on a diskette or compact disk in .pdf format by the date stated above.  A copy of the objection must be provided to (a) the Chambers of the Honorable Robert E. Gerber, and (b) Ortiz & Ortiz, LLP, 3272 Steinway Street, Suite 402, Astoria, New York 11103, so as to be received **no later than seven (7) days before the hearing**.  The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: June 5, 2015
   Queens, New York

         */s/Norma E. Ortiz*_____
         Norma E. Ortiz, Esq.
         ORTIZ & ORTIZ, L.L.P.
         3272 Steinway Street, Suite 402
         Astoria, New York 11103
         Tel. (718) 522-1117
         *Attorneys for Michael Carey as receiver*
         *of Gaffken & Barriger Fund, LLC*

To: Property Equity Holding Corp
   244 5th Avenue
   New York, NY 10001

   Heath Gurinsky, Esq.
   Law Office of Heath Gurinsky, PLLC
   271 North Avenue, Suite 115
   New Rochelle, NY 10801

         Angela G. Tese-Milner, Ch. 7 Trustee
         Law Offices of Angela Tese-Milner, Esq.
         One Minetta Lane
         New York, NY 10012

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
Norma E. Ortiz, Esq.
*Attorneys for Michael Carey as receiver*
*of Gaffken & Barriger Fund, LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

PROPERTY EQUITY HOLDING CORP.,                    Case No. 15-11186-REG

                              Debtor.                    Chapter 7
-------------------------------------------------------------x

### MOTION FOR AN ORDER GRANTING (1) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 TO PERMIT GAFFKEN & BERRINGER FUND, LLC, TO PROCEED WITH STATE COURT FORECLOSURE PROCEEDING OR (2) TO DISMISS CASE AND BAR REFILING FOR 180 DAYS

TO:   HON. ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

     Norma E. Ortiz, a partner of Ortiz & Ortiz, L.L.L.P, counsel to Michael Carey, court-appointed receiver of Gaffken & Berringer Fund, LLC ("Gaffken"), hereby declares as follows in support of Gaffken's Motion for an Order (1) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Gaffken to Proceed with State Court Foreclosure Proceeding or (2) Dismissing Case and Barring Refiling for 180 Days (the "Motion"):

### BACKGROUND

     1.     Property Equity Holding Corp. (the "Debtor") holds title to the real property known as 1513 East 96th Street, Brooklyn, New York 11236 (the "Property"). The Property is a multi-family residential property. The Property is the Debtor's primary asset.

2.      As set forth in greater detail in the annexed Declaration of Michael Carey, Gaffken provided mortgage loans to the Debtor and its affiliate American Home Buyers Consulting Services, Inc. ("American").  Gaffken held a first mortgage lien on the Property.

3.      After the Debtor and American failed to meet their obligations to Gaffken under the mortgage loans, Gaffken commenced a foreclosure action by filing the Summons and Complaint in the Supreme Court of the State of New York, County of Kings (the "State Court") under Index No. 1975/2010 (the "Foreclosure Action").  On November 16, 2012, Gaffken obtained a foreclosure judgment (the "Foreclosure Judgment") in the amount of $1,676,421.92, excluding additional costs, against the Debtor.  A copy of the Foreclosure Judgment is annexed as Exhibit A to the Carey Declaration.

4.      The Debtor has no equity in the Property.  As set forth in the valuation attached as Exhibit B to the annexed Declaration of Michael Carey, the Property has a fair market value of approximately $538,000.  The amount of the Foreclosure Judgment greatly exceeds the value of the Property.

A.  The Serial Bankruptcy Filings

5.      The Debtor has engaged in repeated attempts to prevent Gaffken from enforcing its right to collect the sums due from the Debtor by engaging in a series of bad faith bankruptcy filings.  The Debtor filed a Chapter 11 bankruptcy petition in the Eastern District of New York on March 6, 2013.  The Debtor failed to prosecute its case properly by failing to comply with the most rudimentary of debtor duties, such as opening a debtor-in-possession account and filing accurate and complete schedules of assets and liabilities.  The Debtor did not file a single operating report during the entire case, and did not remit a single payment to Gaffken.  See

4

Declaration of Michael Carey at Para. 5-6.  The case was dismissed by order dated September 25, 2013.

6.      During the 2013 Chapter 11 case, the Debtor never revealed to Gaffken or the court that it had filed a Chapter 7 case for American in the Southern District of New York a year earlier on September 11, 2012.  American did not list Gaffken as a creditor and did not list the Debtor as a co-debtor in American's Schedule H.  Gaffken learned of American's bankruptcy filing when American moved to convert its Chapter 7 case to a Chapter 11 case in September 2013.  See Declaration of Michael Carey at Para. 5-6.

7.      During Gaffken's participation in the American Chapter 11 case, the Debtor's president Jean Milien represented that he would consent to permit Gaffken to complete its foreclosure action and sale.  In partial reliance on that representation, Gaffken cooperated with American's plan confirmation.  The court entered an order confirming American's plan, and the case was closed in March 2015.  See Declaration of Michael Carey at Para. 9.  Mr. Milien failed to honor that representation.

8.      On January 28, 2015, the Debtor filed a skeletal *pro se* Chapter 11 petition under Case No. 15-40321 before the Hon. Nancy H. Lord in the Eastern District of New York.  Three days later, on January 31, 2015, Judge Lord issued an Order to Show Cause at a hearing why the case should not be dismissed because of the Debtor's failure to retain counsel.  Although Mr. Milien appeared at the hearing, no written opposition to the motion was filed.  The case was dismissed by order dated March 8, 2015.  See Declaration of Michael Carey at Para. 10.

9.      The instant petition is the third petition filed by the Debtor since 2013, and was filed solely to prevent the foreclosure sale of the Property the following day.  When the Debtor's

attempt to stay the foreclosure sale by emergent motion was denied by the State Court, the

Debtor filed the instant skeletal Chapter 7 petition, through counsel, in the Southern District,

instead of in the Eastern District.  However, once again, the Debtor has failed to prosecute its

case.  Schedules have not been filed and the Debtor, once again, has not remitted any payments

to Gaffken.  However, this time, by filing a Chapter 7 petition, the Debtor has clearly indicated it

has no intention of attempting to reorganize its affairs.

### **RELIEF REQUESTED**

10.    By the instant motion, pursuant to Section 362(d) of the Bankruptcy Code,

Gaffken seeks relief from the automatic stay to continue the Foreclosure Action against the

Property.   Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the
> Court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying or
> conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an
> interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under
> subsection (a) of this section, if-
>> (A) the debtor does not have equity in such property; and
>> (B) such property is not necessary to an effective
>> reorganization [or]
> . . .
> (4)  with respect to a stay of an act against real property under
> subsection (a), by a creditor whose claim is secured by an interest
> in such real property, if the court finds that the filing of the petition
> was part of a scheme to delay, hinder, or defraud creditors that
> involved either--
>> (A)  transfer of all or part ownership of, or other interest in,
>> such real property without the consent of the secured
>> creditor or court approval; or
>> (B)  multiple bankruptcy filings affecting such real
>> property.

6

11 U.S.C. § 362(d).

**A.      The Automatic Stay Should Be Terminated Pursuant to Section 362(d)(1) and (2)
Because the Debtor Has No Equity In The Property, Is Not Seeking To Reorganize
Its Affairs, and Gaffken is Not Adequately Protected by the Property**

11.      To be awarded relief from the stay of an act against property pursuant to 11

U.S.C. § 362(d)(2), a creditor must prove that there is no equity in the debtor's property and the

property is not necessary to an effective reorganization. 11. U.S.C. § 362( d)(2).  To determine

that there is no equity in the property, it must be shown that the debts secured by the liens on the

property exceed its value.  In re Country Squire Assocs., 1997 Bankr.  Lexis 1163, at 819

(B.A.P. 2d Cir. 1997); *see also* In re New Era Comp., 125 B.R. 725, 728-29 (S.D.N.Y. 1991)

(noting that equity is the difference between the value of the property and the total amount of all

liens against it); In re Diplomat Electronics Corp., 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

Given the amount due under the Foreclosure Judgment, and the relatively low value of the

Property, there is no question that there is no equity in the Property.

12.      Moreover, the Debtor's Chapter 7 filing evidences an intent to liquidate, not to

reorganize.  "As a matter of law, Chapter 7 of the Bankruptcy Code does not provide the Debtor

with an opportunity to conduct a reorganization."  See, *e.g.*, B.N. Realty Assocs. v. Lichtenstein,

238 B.R. 249, 258 (S.D.N.Y. 1999); Powers v. American Honda Fin. Corp., 216 B.R. 95, 97

(N.D.N.Y 1997); In re Winer, 2008 Bankr. LEXIS 1535, *12, 2008 WL 2074091 (Bankr.

E.D.N.Y. May 13, 2008).  For these reasons, cause exists to grant relief under Section 362(d)(2).

13.      Cause also exists to grant relief under Section 362(d)(1).  That section provides in

relevant part that the Court may grant relief if the creditor's interest in the property is not

adequately protected.  There is no question that Gaffken's interest in the Property is not

7

adequately protected.  Gaffken is not receiving adequate protection payments from the Debtor or

the Chapter 7 Trustee, or any other form of protection of its interests.  There is no equity cushion

in the Property to protect Gaffken's interest, or provide a source of replacement liens.

14.    Since the Debtor amd the Trustee have made no payments to Geffken, and the

Debtor has not been paying real property taxes, Gaffken's interest in the Property is diminishing

in value.   See Declaration of Michael Carey at Para. 12.  Under the circumstances of this case,

Gaffken asserts there simply is no means for the Debtor or the Chapter 7 Trustee to provide

adequate protection to Gaffken, and cause exists to grant relief from the stay under Section

362(d)(1).

15.    In addition, the Court should find that the Debtor's repeated bankruptcy filings

to stop Gaffken's collection actions –  that are never fully prosecuted and rife with violations of

the Bankruptcy Code and Rules – constitute a scheme to delay, hinder and defraud Gaffken, and

constitute "cause" for relief from stay under §362(d)(1).   See Industrial Mold & Tool, Inc. v.

Zaleski (In re Zaleski), 2012 Bankr. LEXIS 3865, *7, 2012 WL 3647009 (Bankr. D. Conn. Aug.

23, 2012).

**B.    The Automatic Stay Should be Terminated Pursuant to 11 U.S.C. § 362(d)(4)**

16.    Section 362(d)(4) authorizes the Court to grant stay relief with respect to real

property "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or

defraud creditors."  11 U.S.C. 362(d)(4).  A bankruptcy court can "infer an intent to hinder,

delay, and defraud creditors from the fact of serial filings alone" without holding an evidentiary

hearing.  In re Procel, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting In re Blair, No. 09-76150,

2009 Bankr. LEXIS 4195, 2009 WL 5203738, at *4-5 (Bankr. E.D.N.Y. Dec. 21, 2009)).  Here,

8

the Debtor has filed three bankruptcy cases in the last two years. The last two filings were clearly filed to thwart foreclosure sales. The Court should find that the Debtor's multiple filings demonstrate the Debtor has engaged in a scheme to delay Gaffken from exercising its rights to foreclose upon the Property.

17.     Section 362(d)(4)(B) permits *in rem* relief from the stay in property, "such that any and all future filings by any person or entity with an interest in the property will not operate as an automatic stay . . . for a period of two years after the date of the entry of such an order," provided that the order is recorded in compliance with applicable state laws governing notices of interest or liens in real property. In re Richmond, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (citing In re Montalvo, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009). Here, in all of the Debtor's bankruptcy filings, not once has it fully submitted schedules or complied with its duties as a debtor. The Debtor has simply abused the bankruptcy process. The repeated filings by the Debtor have resulted in undue delay and hindrance to Gaffken's efforts to foreclose on the Property, and caused it financial harm. Therefore, the Debtor's pattern of conduct warrants the issuance of an order pursuant Section 264(d)(4)(B) granting Gaffken *in rem* relief with respect to the Property.

**C.     Alternatively, the Case Should Be Dismissed Pursuant to Section 707(a)**

18.     Section 707(a) provides that "the court may dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). The party moving for dismissal under Section 707(a) bears the burden of proving cause by a preponderance of the evidence. In re Aiello, 428 B.R. 296, 299 (Bankr. E.D.N.Y. 2010) ( citing In re Ventura, 375 B.R. 103, 108 (Bankr. E.D.N.Y. 2007)). Bad faith can constitute "cause" under Section 707(a).

9

*See* In re MacFarlane Webster Assoc., 121 B.R. 694, 697 (Bankr. S.D.N.Y. 1990) (a bad faith

filing constituted cause to dismiss involuntary chapter 7 case).  Additionally, Section 707(a)(1)

provides "that unreasonable delay by the debtor that is prejudicial to creditors" can also

constitute "cause" to dismiss a chapter 7 petition. 11 U.S.C. § 707(a), In re Livecchi, 2014

Bankr. LEXIS 4811, *3 (Bankr. W.D.N.Y. Nov. 20, 2014).

19.     The Debtor's multiple filings of incomplete bankruptcies on the eve foreclosure

sales demonstrate bad faith by this Debtor.  Additionally, the Debtor's failure to file schedules in

the instant action, as required by the Bankruptcy Code, evidences its continuous patterns of

abusive bankruptcy filings.  Its conduct has created an unreasonable delay that is prejudicial to

Gaffken and is further proof of the Debtor's bad faith. Therefore, the Debtor's case should be

dismissed due its bad faith filing.

20.     If the case is dismissed, the Court should exercise its inherent power under Code

Sections 105 and 349 to prevent future bankruptcy filings, for a period of at least 180 days, so

that the Debtor may not delay Gaffken's efforts once again.  E.g., Casse v. Key Bank Nat'l Ass'n

(In re Casse), 198 F.3d 327, 339, 1999 U.S. App. LEXIS 32277, *33, Bankr. L. Rep. (CCH)

P78,071, 35 Bankr. Ct. Dec. 97 (2d Cir. N.Y. 1999).  The Debtor's conduct throughout its cases

supports the imposition of such a bar in this case.

21.     No prior motion seeking the relief requested herein has been made to this or any

other Court.

10

**WHEREFORE**, Gaffken respectfully requests that the automatic stay be vacated in order to enable it to continue the Foreclosure Action, or the Debtor's case be dismissed, or the Court grant such other and further relief as this Court deems just and proper.

Dated: June 5, 2015
      Queens, New York

                                    */s/Norma E. Ortiz*
                                      Norma E. Ortiz, Esq.
                                      ORTIZ & ORTIZ, L.L.P.
                                      3272 Steinway Street, Suite 402
                                      Astoria, New York 11103
                                      Tel. (718) 522-1117
                                      *Attorneys for Michael Carey as receiver*
                                      *of Gaffken & Barriger Fund, LLC*

**DECLARATION OF MICHAEL CAREY**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

PROPERTY EQUITY HOLDING CORP.,

Case No. 15-11186-RG

Debtor.                              Chapter 7
------------------------------------------------------------x

## DECLARATION OF MICHAEL CAREY

I, Michael Carey, hereby declare as follows:

1.    I was appointed by the New York State Supreme Court to serve as a receiver to administer and oversee the dissolution and liquidation of an entity called Gaffken & Barriger Fund, LLC ("Gaffken"). Gaffken's prior business included commercial lending. My duties have included collecting upon and liquidating mortgage notes issued by Gaffken to satisfy Gaffken's creditors.

2.    Property Equity Holding Corp. (the "Debtor") obtained a mortgage loan from Gaffken that was supported by a lien against the property known as 1513 East 96th Street, Brooklyn, New York 11236 (the "Property").

3.    The Debtor defaulted on its obligations to Gaffken, and Gaffken commenced a foreclosure action against the Debtor in New York State Supreme Court, Kings County, in 2010. Gaffken obtained a foreclosure judgment dated November 16, 2012, in the amount of $1,676,421.92, excluding additional costs, against the Debtor. A copy of the judgment is annexed as Exhibit A

A.    The Debtor's 2013 Chapter 11 Filing in the Eastern District of New York

5.    The Debtor filed a Chapter 11 petition in the Eastern District of New York on March 6, 2013. That case was dismissed on September 27, 2013, after the Debtor

failed to comply with its duties as a Chapter 11 debtor, and failed to prosecute its case.  The

Debtor failed to do the following in this case:

> – Appear at all status conferences;
> – open a debtor in possession account;
> – file operating reports;
> – pay quarterly fees;
> – make any payments to Gaffken on it first mortgage;
> – file a completed Statement of Financial Affairs;
> – obtain an order authorizing its retention of counsel;
> – meet the terms of a conditional order of dismissal; and
> – file schedules of assets and liabilities.

6.      The Debtor also failed to inform the court, or Gaffken, that an affiliate of the

debtor, and co-obligor on the judgment, American Home Buyers Consulting Services, Inc.

("American") had filed a Chapter 7 bankruptcy petition in the Southern District of New York,

and that American was a co-debtor of the Debtor.

B.  American's Undisclosed Bankruptcy Filing in the Southern District of New York

7.      American filed a Chapter 7 petition in the Southern District of New York on

September 11, 2012, under Case No. 12-13871.  American did not list Gaffken as a creditor in

that case, and I had no knowledge of this bankruptcy filing until American served Gaffken with a

Motion to Convert its Chapter 7 case to a Chapter 11 case in September 2013.

8.      I learned in that case American had obtained a mortgage loan from an entity

called MDS Management Services, LLC ("MDS") in October 2006, but did not file the mortgage

with the City Register.  Upon information and belief, when the Debtor obtained a mortgage loan

from Gaffken in June 2007, it did not disclose the existence of the MDS mortgage to Gaffken.

MDS recorded its mortgage in July 2007: before Gaffken recorded its mortgage on American's

property.

2

9.      During American's Chapter 11 proceeding, the Debtor commenced an

adversary proceeding to establish that MDS held a first lien position on American's property.

American filed a plan of reorganization that effectively resulted in the transfer of the property to

MDS.  During that proceeding, Mr. Milien informed my attorneys that if he was unable to sell or

refinance the Property, he would consent to permit Gaffken to complete its foreclosure action

and sale.  In partial reliance on that representation, Gaffken cooperated with American's plan

confirmation.  The court entered an order confirming American's plan, and the case was closed

in March 2015.

C.   The Debtor's 2015 Chapter 11 Filing in the Eastern District of New York

10.      On January 28, 2015, the Debtor filed a skeletal *pro se* Chapter 11 petition under

Case No. 15-40321 before the Hon. Nancy H. Lord in the Eastern District of New York.  Three

days later, on January 31, 2015, Judge Lord issued an Order to Show Cause at a hearing why the

case should not be dismissed because of the Debtor's failure to retain counsel.  Although Mr.

Milien appeared at the hearing, no written opposition to the motion was filed.  The case was

dismissed by order dated March 8, 2015.

D.   The Debtor's Present Chapter 7 Filing in the Southern District of New York

11.      On May 7, 2015, the day after the Supreme Court denied the Debtor's emergent

motion to stay the foreclosure sale, the Debtor filed the instant petition.  It filed a skeletal

bankruptcy petition, without supporting schedules, approximately 24 hours before the sale of the

Property was scheduled to occur.  The Debtor's schedules and related documents were due on

May 21, 2015, but have not been filed.  Since no documents other than the petition have been

filed, it is not possible to determine why venue is appropriate in this district if the Debtor's sole

3

asset is located in the Eastern District of New York.

12.     The instant filing bears all of the indicia of a bad faith bankruptcy filing and should not be countenanced by the Court.  The Debtor is a single asset real case, a serial bankruptcy filer, and appears to be forum shopping.  There is no likelihood of the Debtor's reorganization, as evidenced by the fact that it seeks liquidation through its Chapter 7 proceeding.  There is no equity in the property, since its appears to be valued at less than $550,000, and Gaffken is owed in excess of $1.6 million.  See valuation attached as Exhibit B. Upon information and belief, during each of its bankruptcy filings, the Debtor has collected rents, failed to pay real property taxes, and failed to pay the rents to Gaffken or obtain an order authorizing the use of cash collateral.  In this case, the Debtor has failed to remit any payments to Gaffken since the case was filed.

13.     Based upon documents submitted to the court in prior cases, the Debtor has only one asset, very little unsecured debt when compared to the amount of debt due to Gaffken, and it filed this case on the eve of a foreclosure sale.  The timing of the filing of the petition clearly evidences an intent to delay or frustrate Gaffken's efforts to enforce its rights.  The bankruptcy filing was clearly used to attempt to avoid the resolution of the dispute between Gaffken and the Debtor, since a corporate debtor does not obtain a discharge under Chapter 7 of the Bankruptcy Code.

14.     Gaffken has not received a single payment from the Debtor for years, and the Debtor has not paid real property taxes for a significant period of time.  Gaffken has not received any payments since the instant case was filed.  There is clearly no adequate protection of Gaffken's interest in the property, and the Court should find cause to lift the automatic stay to

permit Gaffken to proceed with its foreclosure sale of the Debtor's property.  Alternatively, the

Court should dismiss the Debtor's case, as a bad faith filing, and impose a 180 day ban on any

subsequent bankruptcy filing to prevent any further abuse by the Debtor.

I hereby declare that the foregoing is accurate and true based upon my knowledge and

belief.


Dated: June 5, 2015

_S/Michael Carey_
Michael Carey as
Receiver for Gaffken & Barringer
Fund, LLC

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------X

GAFFKEN & BARRIGER FUND, LLC,                           Index #1975/2010

                                   Plaintiff,

                        -against-                          **NOTICE OF ENTRY**

PROPERTY EQUITY HOLDING CORP.,
AMERICAN HOME BUYERS CONSULTING
SERVICES, INC., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY                             Justice Assigned:
DEPARTMENT OF FINANCE, NEW YORK STATE                    Hon. Bernard J. Graham,
DEPARTMENT OF TAXATION AND FINANCE,                      J.S.C.
MR. ONIX, JACK MAHONEY, GLADYS HUGHES,
LAVETTE DAVIDSON, and MS. GANELLE,
                                                        Foreclosure of:
                                   Defendants.          1513 East 96th Street,
                                                        Brooklyn, NY
                                                        (Block 8280, Lot 26)
----------------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE that the within is a true copy of the Judgment of Foreclosure and

Sale with Bill of Costs which was signed by the Honorable Bernard J. Graham, Supreme Court

Justice, on November 16, 2012 and entered in the Office of the Clerk of the within-named Court on

December 4, 2012.

Dated:    Woodbourne, New York
          January 18, 2013

                        Yours, etc.,

                                        JAY L. ZEIGER, Esq.
                                        KALTER, KAPLAN, ZEIGER & FORMAN
                                        Attorneys for Plaintiff
                                        Office and P.O. Address
                                        6166 State Route 42, P.O. Box 30
                                        Woodbourne, NY  12788
                                        (845) 434-4777

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

TO:    PROPERTY EQUITY HOLDING CORP.
c/o Jean Millien
244 5th Avenue, Suite 2462
New York, NY 10001

AMERICAN HOME BUYERS CONSULTING
SERVICES, INC.
c/o Jean Millien
244 5th Avenue, Suite 2462
New York, NY 10001

NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD
233 Schermerhorn Street, 11th Floor
Brooklyn, NY 11201

MARIA AUGUSTO, Esq., of Counsel to
Special Assistant Corporation Counsel
Attorney for Defendant
NEW YORK CITY DEPARTMENT OF FINANCE
Office of Legal Affairs
345 Adams Street - 3rd Floor
Brooklyn, NY 1120
(718) 403-3672

ANDREW M. CUOMO, Attorney General
of the State of New York
By: Alan Gitter, Esq., Associate Attorney
Attorney for the Defendant
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE
Office and Post Office Address
300 Motor Parkway - Suite 125
Hauppauge, NY 11788-5522
(631) 231-2412

Mr. Onix
1513 East 96th Street, #1
Brooklyn, NY 11236

Mr. Jack Mahoney
1513 East 96th Street, #2
Brooklyn, NY 11236

Ms. Gladys Hughes
1513 East 96th Street, #2
Brooklyn, NY 11236

Ms. Lavette Davidson
1513 East 96th Street, #3
Brooklyn, NY 11236

Ms. Ganelle
1513 East 96th Street, #4
Brooklyn, NY 11236

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

GAFFKEN & BARRIGER FUND, LLC,                                  Index #1975/10

                                        Plaintiff,

                    -against-                                  **JUDGMENT OF
                                                              FORECLOSURE AND
PROPERTY EQUITY HOLDING CORP.,                                 SALE WITH BILL OF
AMERICAN HOME BUYERS CONSULTING                                COSTS**
SERVICES, INC., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY                                   Justice Assigned:
DEPARTMENT OF FINANCE, NEW YORK STATE                          Hon. Herbert Kramer, J.S.C.
DEPARTMENT OF TAXATION AND FINANCE,
MR. ONIX, JACK MAHONEY, GLADYS HUGHES,
LAVETTE DAVIDSON, and MS. GANELLE,                             Foreclosure of:
                                                              1513 East 96th Street,
                                        Defendants.           Brooklyn, NY
                                                              (Block 8280, Lot 26)
-----------------------------------------------------------------X

On the Summons, Verified Complaint and Notice of Pendency of Action duly filed in this

action on the 22nd day of January, 2010, the Order of Reference dated July 19, 2011, and all

proceedings thereon, and on reading and filing the Affirmation of Regularity and Affirmation in

Support of Legal Fees of Jay L. Zeiger, Esq., counsel for plaintiff, dated the 3rd day of February,

2012, from which it appears that each of the defendants herein have been duly served with the

Summons and Verified Complaint in this action, or have voluntarily appeared personally or by their

respective attorneys, and stating that more than the legally required number of days had elapsed since

said defendants were so served and/or appeared; and that

None of the defendants had served any answer to said Complaint, nor had their time to do

so been extended; and that the Complaint herein and Notice of Pendency of this action containing

all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County

of Kings on the 22nd day of January, 2010, and has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the Plaintiff upon the Note and Mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels;

AND, on reading the report of Barton L. Slavin, Esq., the Referee named in said Order of Reference, by which Report, bearing date the 18th day of January, 2012, it appears that the sum of $1,676,421.92 was due as of December 5, 2011, and that the mortgaged premises should be sold in one parcel;

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order of Reference as provided therein,

ON MOTION of Jay L. Zeiger, Esq., of Kalter, Kaplan, Zeiger & Forman, attorneys for the Plaintiff, it is

ORDERED, that the motion is hereby granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the said Report of Barton L. Slavin, Esq., dated January 18, 2012 be, and the same is hereby to the extent provided for herein ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 274 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 3:00 P.M., by and under the direction of Burton L. Slavin, Esq., who is hereby appointed Referee for that purpose, that the said Referee shall

set the date of sale and give public notice of the time and place of sale in accordance with RPAPL

§231 in _____*Brooklyn Eagle*_____; and it is further

ORDERED, ADJUDGED AND DECREED, that the said Referee shall accept at such sale

the highest bid offered by a bidder, who shall be identified upon the court record, and shall require

that such successful bidder immediately pay to the Referee in cash or certified or bank check payable

to such Referee ten (10%) percent of the sum bid and shall execute Terms of Sale for the purchase

of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit

against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that the first successful bidder

fails to immediately pay the ten (10%) percent deposit as provided herein or fails to execute the

Terms of Sale immediately following the bidding upon the subject property, the property shall

thereafter immediately, on the same day, be re-offered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the closing of title shall take place at the

office of the Referee or at such other location as the Referee shall determine within forty-five (45)

days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only

to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-

five (45) days may be stipulated among the parties, with the Referee's consent, up to ninety (90) days

from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval

of this Court; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee deposit all funds received

pursuant to this Order in his/her own name as Referee in Referee's I.O.L.A. account maintained for

legal clients at a bank within the City of New York or in an FDIC-insured bank of the Referee's

choice within the City of New York; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of

such sale shall forthwith pay therefrom;

FIRST:  The statutory fees and commissions of said Referee pursuant to CPLR §8003(b)

which shall not exceed $500.00 unless the sale price (the amount of the accepted bid) exceeds

$50,000.00.  In the event the sale price exceeds $50,000.00 and additional compensation (including

commissions) in excess of $500.00 is sought pursuant to CPLR §8003(b), and if no surplus monies

are produced at the sale, the parties may present a stipulation, signed by the Referee and all parties

appearing, agreeing to a stated sum, to be so-ordered by the Court.  Where surplus monies will be

available following distribution of sums as provided herein, or where the parties are unable to agree

to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court

on notice to all parties known to be entitled to claim against any surplus monies, including the

defaulting owner of the equity of redemption.  Such application shall be promptly submitted to the

Court within five (5) days of the transfer of the deed and prior to the filing of the Report of Sale.

The five (5) day period for payment of surplus money into Court as set forth in RPAPL §1354(4),

and the thirty (30) day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be

deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), plaintiff

shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the

Referee has requested the delay.  Such compensation may be recouped from the proceeds of sale as

a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND:  The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD:  Pursuant to Real Property Actions and Proceedings Law §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

FOURTH:    Said Referee shall then pay to the plaintiff or its attorneys the sum of $ _1465.00_ for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest from the date hereof, [together with an additional allowance of $_____ hereby awarded to the plaintiff in addition to costs with interest thereon from the date hereof,] and also the sum of **$1,676,421.92**, the said amount so reported due as aforesaid, together with interest thereon pursuant to the terms of the Note from December 5, 2011, the date the interest was calculated to in said Report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $_____ hereby awarded to the

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 1278

*As & and a Sum of 10,900 as Attorneys' Fee.*

plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided.  Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

ORDERED, ADJUDGED AND DECREED, that in case the plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked 'FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus [which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee

of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover of the defendants, PROPERTY EQUITY HOLDING CORP. and AMERICAN HOME BUYERS CONSULTING, INC., the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after

the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings law within ninety (90) days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title.

ORDERED, that in absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty (20) days of entry and no less than thirty (30) days prior to sale; and it is further

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

Dated: Brooklyn, New York
~~March~~, 2012
Nov 16 2012            E N T E R :

HON. HERBERT KRAMER, J.S.C.

Hon. Bernard J. Graham

Nancy T. Sunsh
clerk

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

Schedule A Description

ALL that certain plot, piece or parcel of land, with the buildings and improvements
thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings,
City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of East 96th Street, distant 440 feet
northerly from the corner formed by the intersection of the easterly side of East 96th
Street with the northerly side of Avenue N:

RUNNING THENCE easterly parallel with Avenue N 100 feet;

THENCE northerly parallel with East 96th Street 23 feet;

THENCE westerly parallel with Avenue N 100 feet to the easterly side of East 96th
Street;

THENCE southerly along the easterly side of East 96th Street 23 feet to the point or
place of BEGINNING.

T 56.— Plaintiff's costs; on foreclosure or other real property actions under the CPLR. 1-95

COPYRIGHT 1974 BY JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

SUPREME    COURT  OF  THE  STATE  OF  NEW YORK
COUNTY OF  KINGS

*Index No.*  1975/10

GAFFKEN & BARRIGER FUND, LLC,

Plaintiff(s)

against

PROPERTY EQUITY HOLDING CORP., AMERICAN HOME BUYERS
CONSULTING SERVICES, INC., NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE,
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,
MR. ONIX, JACK MAHONEY, GLADYS HUGHES,    Defendant(s)
LAVETTE DAVIDSON, AND Mrs JANELLE,

**Costs of Plaintiff**

| COSTS | | | DISBURSEMENTS | | |
|---|---|---|---|---|---|
| | | | | $ | |
| Costs before note of issue ............ CPLR §8201 subd. 1 | 200 | 00 | Fee for index number CPLR §8018(a) ........................... | 210 | 00 |
| Costs after note of issue ............... CPLR §8201 subd. 2 | | | Referee's fees  CPLR §8301(a)(1), 8003(a) ..................... | | |
| | | | Commissioner's compensation  CPLR §8301(a)(2) ........... | | |
| Trial of issue .................................. CPLR §8201 subd. 3 | | | Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | 35 | 00 |
| | | | Entering and docketing judgment  CPLR §8301(a)(7), 8016(a)(2) | | |
| Allowance by statute ...................... CPLR §8302(a), (b) | | | Paid for searches  CPLR §8301(a)(10) ............................. | 825 | 00 |
| | | | Affidavits & acknowledgments  CPLR §8009 ................... | | |
| Additional allowance ...................... CPLR §8302.(d) | | | Serving copy summons & complaint  CPLR §8011(h)(1), 8301(d) | 562 | 00 |
| | | | Request for judicial intervention .................................. | 95 | 00 |
| Motion costs .................................. CPLR §8202 | | | Note of issue  CPLR §8020(a) ....................................... | 250 | 00 |
| Percentage on | | | Paid referee's report  CPLR §8301(a)(12) ........................ | | |
| $ 200.00 at 10% (not exceeding $200.00) | 20 | 00 | Certified copies of papers  CPLR §8301(a)(4) ................. | | |
| | | | Satisfaction piece  CPLR §5020(a), 8021 ....................... | | |
| additional $ 800.00 at 5% (not exceeding $800.00) | 40 | 00 | Transcripts and filing  CPLR §8021 .............................. | | |
| | | | Certified copy of judgment  CPLR §8021 ........................ | | |
| additional $ 2,000.00 at 2% (not exceeding $2,000.00) | 40 | 00 | Postage  CPLR §8301(a)(12) ........................................... | | |
| | | | Jury fee  CPLR §8020(c) ............................................... | | |
| additional $ 5,000.00 at 1% (not exceeding $5,000.00) | 50 | 00 | Stenographers' fees  CPLR §8002, 8301 ......................... | | |
| | | | Sheriff's fees on execution  CPLR §8011, 8012 ............... | | |
| | | | Sheriff's fees, attachment, arrest, etc.  CPLR §8011 ....... | | |
| | | | Paid printing cases  CPLR §8301(a)(6) .......................... | | |
| | | | Clerk's fees Court of Appeals  CPLR §8301(a)(12) ......... | | |
| | | | Paid copies of papers  CPLR §8016(a)(4) ........................ | 135 | 00 |
| | | | Motion expenses  CPLR §8301(b) .................................. | | |
| | | | Fees for publication  CPLR §8301(a)(3) ........................ | | |
| | | | Serving subpoena  CPLR §8011(h)1, 8301(d) ................. | | |
| | | | Paid for Search  CPLR §8301(a)(10) .............................. | | |
| | | | Referee's report .......................................................... | | |
| | | | Attendance of witnesses  CPLR §8001(a)(b)(c), 8301(a)1. | | |
| Costs ............................. | $ 350 | 00 | | | |
| Disbursements .............. | 2,112 | 00 | | 2,112 | 00 |
| Total | 2,462 | 00 | | | |

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK, COUNTY OF    SULLIVAN

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am  one of the partners in the law firm, Kalter, Kaplan, Zeiger & Forman, the attorney(s) of record for the    plaintiff    in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance in returning from, the same place of trial, hearing or examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  Woodbourne, New York
         February 3, 2012

The name signed must be printed beneath

JAY L. ZEIGER

---

Index No.

SUPREME    COURT

COUNTY OF KINGS

GAFFKEN & BARRIGER FUND, LLC,

Plaintiff (s)

against

PROPERTY EQUITY HOLDING CORP.,
AMERICAN HOME BUYERS CONSULTING, INC.,
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY DEPARTMENT OF
FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, MR. ONIX JACK MAHONEY, GLADYS
HUGHES, LAVETTE DAVIDSON, AND
MS. GANELLE,

Defendant(s)

**Plaintiffs Costs on Foreclosure and Notice of .............. Taxation**

Please Take Notice that the within is a true copy of the items of costs and disbursements in the within action *taxed* and that the same will be taxed*

by the Clerk of

Court, at his/her office in the courthouse thereof on
at                                              M.

of that day—and the amount inserted in the judgment.

Yours, etc.

Attorney(s) for

To

---

Service of the within bill of costs and notice of taxation is hereby admitted on

Attorney(s) for

Attorney(s) for

* Strike out one (CPLR §8402, 8403)

---

State of New York, County of                          ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on
deponent served the within bill of costs and notice of taxation on

attorney(s) for
herein, at his/her office at

during his/her absence from said office

strike out either (a) or (b)
(a)  by then and there leaving a true copy of the same with

his/her clerk; partner; person having charge of said office.

(b)  and said office being closed, by depositing a true copy of same, enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box.

Sworn to before me on

---

State of New York, County of                          ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on
deponent served the within bill of costs and notice of taxation on

attorney(s) for
at

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in—a post office—official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me on

**EXHIBIT "B"**

# 1513 East 96 Street, Brooklyn, NY 11236

This is a **limited preview** of our complete property report.



## Property Overview

| | |
|---|---|
| Primary address | **1513 E 96 St** |
| Zip code | **11236** |
| Borough | **Brooklyn** |
| Block & lot | **08280-0026** |
| First 3 alternate addresses | **1513 GARAGE E 96 St** |
| Lot dimensions | *Register Now!* |
| Lot sq. ft. | **2,300** ? |
| Buildings on lot | **1** |
| Building class | **Three Families (C0)** |
| Zoning | *Register Now!* |

## Ownership Information

| | | | |
|---|---|---|---|
| Owner's name | *Register Now!* | Last Sale Date | *Register Now!* |
| Owner's address | *Register Now!* | Last Sale Price | *Register Now!* |

## Other Property Characteristics

| | | | |
|---|---|---|---|
| Neighborhood name | **Canarsie** | Closest police station | **1.03 Miles -** ☀ |
| School district number | **18** | Closest fire station | **0.89 Miles -** ☀ |
| Residential units | **3** | | |

## Permits

**Data not available for this property.**

## Property Taxes

| | | | |
|---|---|---|---|
| Tax year | **2014/2015** | Current assessed value | **$24,980** |
| Current tax bill | **$4,785.42** | Current value | **$538,000** |
| Projected tax bill | **$4,833.31** | | |

## Mortgage and Sales History (Title Documents)

| Document Date | Type | Amount | Party1 name | Party2 name | Link To Doc |
|---|---|---|---|---|---|
| 11/16/2011 | | | | | |
| 3/30/2010 | | | | | |
| 3/27/2007 | | **Create a free account to unlock full details.** | | | |
| 8/1/2006 | | **Registration is quick and FREE!** | | | |
| 8/1/2006 | | | | | |

## Map



## Neighbors

| Address | Property class | Square feet | Sale date | Sale price |
|---|---|---|---|---|
| 1511 E 96 St | Two Family Frame(B2) | 1,800 | **Register Now!** | **Register Now!** |

| 1517 E 96 St | Two Stories Detached(A1) | 1,024 | Register Now! | Register Now! |
| 1505 E 96 St | Two Family Frame(B2) | 1,800 | Register Now! | Register Now! |
| 1521 E 96 St | Two Stories Detached(A1) | 1,024 | Register Now! | Register Now! |
| 1503 E 96 St | Two Family Frame(B2) | 1,862 | Register Now! | Register Now! |

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                                                    Chapter 7

PROPERTY EQUITY HOLDING CORP.,                                           Case No. 15-11186-REG

                                    Debtor.
-------------------------------------------------------------x

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of Michael Carey, court-appointed receiver of Gaffken & Berringer Fund, LLC ("Gaffken"), dated June 5, 2015, for the entry of an order, pursuant to Section 362(d) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Fed. R. Bankr. P. 4001(a)(1), granting Gaffken relief from the automatic stay to allow it to continue its state court foreclosure action against the property located 1513 East 96th Street, Brooklyn, New York 11236 (the "Property"); the Court having conducted a hearing on June 23, 2015; no opposition to the Objection having been filed; Gaffken having appeared by its counsel Ortiz & Ortiz, L.L.P.; due notice of the Motion having been given and sufficient cause appearing therefore, it is

**ORDERED**, that the automatic stay pursuant to Section 362 of the United States Bankruptcy Code is hereby vacated pursuant to Sections 362(d)(1), (2) and (4) thereof to permit Gaffken to pursue all of its rights under applicable state law with respect to the Property; and it is further

**ORDERED**, that, under 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this order shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this order; and it is further

**ORDERED,** if the Debtor files a bankruptcy case in the 180 days following the dismissal

of this case, the automatic stay shall not come into effect upon the filing of the later case unless,

after notice and a hearing, the Court determines that the later case is filed in good faith as to the

creditors to be stayed.

Dated: June      , 2015
        New York, New York

_____
ROBERT E. GERBER
U.S. BANKRUPTCY JUDGE